**FOX ROTHSCHILD LLP**
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067

Eric A. Bevan (SBN 252140)
ebevan@foxrothschild.com
Telephone:  (561) 804-4470
Facsimile:   (561) 835-9602

Joseph A. Ungaro II (SBN 315190)
jungaro@foxrothschild.com
Telephone:  (310) 598-4150
Facsimile:   (310) 556-9828

Attorneys for Plaintiff,
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>   Plaintiff,<br><br>   v.<br><br>RCC HOLDINGS CORP. a Colorado corporation; and ITSC SECURE SOLUTIONS LLC, a Virginia limited liability company,<br><br>   Defendants. | Case No.: _____<br><br>**COMPLAINT FOR INTERPLEADER** |

**COMPLAINT FOR INTERPLEADER**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), sues Defendants, RCC Holdings Corp., a Colorado corporation ("RCC"), and ITSC Secure Solutions LLC, a Virginia limited liability company ("ITSC," and, collectively with RCC, the "Claimant Defendants"), for interpleader under Rule 22 of the Federal Rules of Civil Procedure, and states as follows:

## INTRODUCTORY STATEMENT

1. Wells Fargo seeks to interplead with the Court $40,523.17 (the "Interpleader Funds") contained within a Business Choice Checking Account at Wells Fargo held in the name of RCC (the "Account"). The Interpleader Funds were sent from ITSC to RCC by wire transfer, but ITSC claims the transfer was a mistake resulting from a business email compromise scheme while RCC claims it is entitled to the funds.

2. The ownership of the Interpleader Funds is disputed between the Claimant Defendants, in that ITSC and RCC both claim ownership of the Interpleader Funds.

3. Because there are multiple claimants to the funds at issue, Wells Fargo, as a disinterested stakeholder, seeks to interplead the Interpleader Funds into the Court Registry to allow the Claimant Defendants to make their respective claims to the funds.

## THE PARTIES

4. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

5. RCC is a corporation organized under the laws of the state of Colorado, with its principal place of business located in Ontario, California, within the County of San Bernardino, and is thus a citizen of California.

6. ITSC is a limited liability company organized under the laws of the State of Virginia, with its principal place of business in Falls Church, Virginia, and, on information and belief, is a citizen of Virginia because all of its members are citizens of Virginia.

/ / /

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter and the Claimant Defendants under 28 U.S.C §§ 1332 and 1335(a). The amount in controversy, as alleged in paragraph 1, exceeds $500, and there is diversity. Wells Fargo is a citizen of South Dakota and, on information and belief, the Claimant Defendants are citizens of California and Virginia, and are thus diverse from Wells Fargo.

8. Venue is appropriate in this Court as RCC is a citizen of California with its principal place of business, and sole owner/employee, within San Bernardino County, California, which is within the Central District of California. Additionally, a substantial part of the events or omissions took place in this venue, including RCC's opening of the subject Account.

9. Per General Order 19-03, section I.B.1.a.(1)(c), this case should be assigned to the Eastern Division of the Central District of California because RCC resides in San Bernardino County in the Eastern Division of the district, and the plaintiff does not reside in the Central District.

## FACTS

10. RCC opened the Account at Wells Fargo as a business checking account, with Vernon G. Newton as the signatory, on November 28, 2018.

11. On February 7, 2020, the Account received a wire transfer in the amount of $42,486.00 (the "Wire Transfer") from an account held by ITSC at Mainstreet Bank. This amount comprises nearly the entirety of the Interpleader Funds except for certain funds which were subsequently withdrawn, spent, or transferred out of the Account. The present amount of the Interpleader Funds is $40,523.17.

12. ITSC subsequently initiated a wire transfer recall request, alleging that the Wire Transfer was the result of a business email compromise and that the funds were never intended to be transferred to RCC.

13. Wells Fargo contacted RCC and informed it of the dispute and requested that RCC execute a debit authorization to allow Wells Fargo to return the Transfer

1  Amount to ITSC.

2      14.    RCC refused and claimed it was the rightful owner of the Wire Transfer
3  funds.

4      15.    When RCC opened the Account at Wells Fargo, it executed a Business
5  Account Application, a true and correct copy of which is attached hereto as Exhibit "A."

6      16.    The Business Account Application provides that the Account is governed
7  by an account agreement (the "Account Agreement").  A true and correct copy of the
8  Account Agreement is attached hereto as Exhibit "B."

9      17.    There is now a dispute as to which of the Claimant Defendants is entitled
10 to the funds in the Account, thus necessitating this interpleader action.

11     18.    Wells Fargo seeks to interplead the Interpleader Funds into the Court
12 Registry to allow the Claimant Defendants to make their respective legal claims to those
13 Interpleader Funds.

14     19.    Wells Fargo has retained the undersigned attorneys to represent it in this
15 action and has agreed to pay them a reasonable fee.

16     20.    Wells Fargo is entitled to recover its reasonable attorneys' fees and costs
17 in this matter pursuant to the Account Agreement and applicable federal law providing
18 that a disinterested stakeholder plaintiff who brings a necessary interpleader action is
19 entitled to a reasonable award of attorneys' fees and costs.

20     21.    All conditions precedent to this action have occurred or have been
21 performed, or have otherwise been waived or excused.

22     **COUNT I—Interpleader**

23     22.    Wells Fargo repeats and realleges the foregoing paragraphs 1 through 21,
24 inclusive, as if fully set forth herein.

25     23.    At this time, there exists potentially rival, adverse, and conflicting claims
26 between the Claimant Defendants as to the rightful access to the Interpleader Funds.

27     24.    Wells Fargo claims no interest in the Interpleader Funds, aside from the
28 right to recover its reasonable attorneys' fees and costs as per contract and statute, and

has done nothing to create the dispute over the access and/or entitlement to the Interpleader Funds.

25. Because of the conflicting claims for access to the Interpleader Funds, Wells Fargo is in doubt as to who is entitled to the Interpleader Funds, is in danger of being exposed to double or multiple liability, and cannot safely remit or release the Interpleader Funds without the aid of this Court.

26. Wells Fargo is ready, willing, and able to deposit the Interpleader Funds into the Court Registry, or to any other custodian or trustee the Court deems proper.

## **PRAYER FOR RELIEF**

Wherefore, Wells Fargo requests that this Court grant the following relief, that:

A. This Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Interpleader Funds with the Registry of the Court;

B. This Court issue an order requiring the Claimant Defendants to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Interpleader Funds;

C. Wells Fargo be discharged from all liability to the Claimant Defendants in connection with the Interpleader Funds, including but not limited to any and all transactions related to the Wire Transfer or the Account;

D. The Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants in connection with the Interpleader Funds, including but not limited to any and all transactions related to the Wire Transfer or Account;

E. Wells Fargo be awarded its costs and reasonable attorneys' fees, to be paid from the Interpleader Funds, for bringing this action;

F. Wells Fargo be dismissed as a party to this action; and

G. A grant of such additional relief as this Court deems equitable and proper.

//
//

| | | |
|---|---|---|
| 1 | Dated: August 11, 2020 | FOX ROTHSCHILD LLP |
| 2 | | By */s/ Eric Bevan* |
| 3 | | Eric Bevan |
| | | Joseph Ungaro |
| 4 | | Attorneys for Plaintiff, |
| | | WELLS FARGO BANK, N.A. |
| 5 | 111624992.v2 | |

6
**COMPLAINT FOR INTERPLEADER**